## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
JEAN K. CONQUISTADOR          :    Civ. No. 3:15CV01618(CSH)
                              :
v.                            :
                              :
HARTFORD POLICE DEPT., ET AL. :    November 30, 2015
                              :
------------------------------x
```

### RECOMMENDED RULING

This matter is before the Court on its initial review of plaintiff Jean K. Conquistador's pro se Complaint[1] [Doc. #1], and motion to proceed in forma pauperis [Doc. #2]. For the reasons set forth below, plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **DENIED**, and the Complaint [Doc. #11] is **DISMISSED** without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## I.   **Motion for Leave to Proceed *In Forma Pauperis***

The plaintiff has filed a motion seeking to proceed in forma pauperis. [Doc. #2] The motion includes a sworn declaration by the plaintiff that he is unable to afford to pay fees and costs, but it includes no information regarding plaintiff's residential address; previous litigation; prior

---

[1] Plaintiff is also known to the Court as Jean Gonzalez. See 3:13CV01469(SRU); 3:14CV00374(SRU); 3:14CV01250(AWT); 3:15CV00710(JAM); 3:15CV00711(JAM); 3:15CV00713(JAM); 3:15CV01298(JAM); 3:15CV01299(JAM). He legally changed his name on September 14, 2015, to Jean Karlo Conquistador. See Gonzalez v. Jurella, 15-3428-cv (2d Cir.), Doc. #7 (name change order from Connecticut probate court).

employment; receipt of unemployment benefits; or other sources
of income from state benefits. [Doc. #2] On this basis, the
Court finds plaintiff's motion is facially deficient.[2] See
Whatley v. Astrue, No. 5:11CV1009(NAM/ATB), 2011 WL 5222908, at
*1 (N.D.N.Y. Oct. 14, 2011) report and recommendation adopted,
No. 5:11CV1009, 2011 WL 5196716 (N.D.N.Y. Oct. 31, 2011) ("The
court may deny an application to proceed in forma pauperis if
plaintiff fails to submit the required financial information or
fails to demonstrate entitlement to in forma pauperis relief."
(citation omitted)).

Plaintiff has previously submitted in forma pauperis
financial affidavits, dated May 12, 2015, and August 27, 2015,
averring an inability to pay fees and costs in unrelated cases
filed in this Court. See Gonzalez v. Erfe, 3:15CV00710(JAM),
Doc. #2 (D. Conn. May 12, 2015); Gonzalez v. Farrell,
15CV00711(JAM), Doc. #2 (D. Conn. May 12, 2015); Gonzalez v.
Santiago, 3:15CV00713(JAM), Doc. #2 (D. Conn. May 12, 2015;
Gonzalez v. Dep't of Corr., 3:15CV01298(JAM), Doc. #2 (D. Conn.
Aug. 27, 2015; Gonzalez v. Dep't of Corr., 3:15CV01299(JAM),
Doc. #2 (D. Conn. Aug. 27. 2015). In these applications,
plaintiff provided a residential address, former employment
information, stated he had been receiving welfare benefits since

---

[2] The Court also notes that plaintiff states that he is currently
enrolled in college without any declared source of income. [Doc.
#2 at 3].

2

April 2015, and listed the cases he previously filed with the District Court, demonstrating both an ability to complete the form and the existence of additional responsive information. Id.

Accordingly, the Motion to Proceed in Forma Pauperis [**Doc. #2**] is **DENIED** as facially deficient and **without prejudice** to refiling. Plaintiff shall refile a complete motion to proceed in forma pauperis, which includes his residential address, all relevant financial information, and a list of his previously filed cases in the District of Connecticut, on or before **December 21, 2015.**

## II.  Background

Plaintiff brings this civil rights action pursuant to 18 U.S.C. §1983 alleging "discrimination, racial profiling, and harassment" in violation of his equal protection rights under the Fourteenth Amendment to the United States Constitution. [Doc. #1]. He names as defendants the Hartford Police Department and five individual defendants: Chief of Police Brian Foley; Lieutenant Velazquez; and Officers Cashman, Johnson and Suarez.[3] Id. at 4.

Plaintiff alleges that on October 10, 2015, he was assaulted and robbed of his 1998 Mustang ("the vehicle"), a book bag and other unspecified items. Compl. "Facts" Section ¶ 1.

---

[3] Two additional officers, Flores and John Doe, are mentioned in the Complaint but not named as defendants.

Plaintiff alleges that Officer Suarez stopped, detained and verbally assaulted him when he was on his way to the hospital that night, presumably to receive treatment for injuries received as a result of the robbery and assault. Id. ¶¶ 1, 2, 3. He alleges that in the early hours of October 11, 2015, he requested that Officer Flores take him to the scene of the robbery to recover his property, which he and a John Doe officer did. Id. ¶ 4-5. The officers told plaintiff they would not help him recover his vehicle and that it was a "lost cause." Id. ¶ 4. The officers then returned plaintiff to Hartford Hospital. Id. ¶ 7.

Later on October 11, 2015, the plaintiff alleges he "called the Hartford Police Department and was instructed to appear with the previous owner of" the vehicle. Id. ¶ 8. Plaintiff and the previous owner appeared at the Police Department and presented Officer Johnson and possibly others with "sufficient documentation" to establish plaintiff's ownership of the stolen vehicle. Id. ¶¶ 8-10. Plaintiff alleges that Officer Johnson informed him there would be no incident report and he would not accept plaintiff's report of a stolen vehicle. Id. ¶ 11. He further alleges, however, that Officer Suarez was in fact preparing reports of the incident. Id. Plaintiff further alleges that Officers Suarez and John Doe told plaintiff that they

thought his story about the assault and robbery was "fishy." Id. ¶ 12.

On separate unspecified dates, plaintiff called the Hartford Police Department and spoke separately with Chief of Police Brian Foley and Lieutenant Velazquez, both of whom were "unwilling to help" him. Id. ¶¶ 13-15.

Although identified in the case caption, and as a defendant, plaintiff makes no factual allegations against Officer Cashman. Compl. ¶ 9.

The Court construes plaintiff's claim as alleging a violation of his rights under the Equal Protection Clause of the Fourteenth Amendment arising out of a failure by the defendants to investigate the alleged assault and vehicle theft.

## III. __Initial Review of Complaint__

### A.    Standard of Review

Consideration of whether an in forma pauperis plaintiff should be permitted to proceed under 28 U.S.C. §1915 is a two-step process. The court must first determine whether the plaintiff may proceed with the action without prepaying the filing fee in full. 28 U.S.C. §1915(a). Second, section 1915 requires the court to conduct an initial screening of the complaint to ensure that the case meets certain requirements and requires that "the court shall dismiss the case at any time if the court determines," inter alia, that the case "is frivolous"

or "fails to state a claim on which relief may be granted[.]" 28
U.S.C. §1915(e)(2)(B)(i),(ii).

The court construes <u>pro</u> <u>se</u> complaints liberally. <u>See</u> <u>Haines</u>
<u>v. Kerner</u>, 404 U.S. 519, 520 (1972). The court exercises caution
in dismissing a case under section 1915(e) because a claim that
the court perceives as likely to be unsuccessful is not
necessarily frivolous. <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319,
329 (1989). In addition, "unless the court can rule out any
possibility, however unlikely it might be, that an amended
complaint would succeed in stating a claim[,]" the court should
permit "a <u>pro</u> <u>se</u> plaintiff who is proceeding <u>in</u> <u>forma</u> <u>pauperis</u>"
to file an amended complaint that attempts to state a claim upon
which relief may be granted. <u>Gomez v. USAA Fed. Sav. Bank</u>, 171
F.3d 794, 796 (2d Cir. 1999).

**B.  Hartford Police Department as a Defendant**

The Court turns first to plaintiff's claim against the
Hartford Police Department. "A municipality is subject to suit
pursuant to 42 U.S.C. § 1983. A municipal police department,
however, is not a municipality nor a 'person' within the meaning
of section 1983." <u>Nicholson v. Lenczewski</u>, 356 F. Supp. 2d 157,
163-64 (D. Conn. 2005) (collecting cases) (internal citation
omitted). Accordingly, because the Hartford Police Department
"is neither a municipality nor a 'person' that can be sued under
§ 1983," <u>Jackson v. Waterbury Police Dep't</u>, No. 3:11CV642, 2015

6

WL 5251533, at *3 (D. Conn. Sept. 8, 2015), plaintiff's claim against this defendant should be **DISMISSED, with prejudice.**[4]

### C.   Claims Against Individual Defendants

"The Equal Protection Clause requires that the government treat all similarly situated people alike." <u>Harlen Assoc. v. Inc. Vill. of Mineola</u>, 273 F.3d 494, 499 (2d Cir. 2001). "Courts have recognized section 1983 equal protection claims based upon discriminatory failures by public officials to conduct proper investigations." <u>Daniels v. City of Binghamton</u>, No. 3:95CV688, 1998 WL 357336, at *5 (N.D.N.Y. June 29, 1998) (citation omitted). "Although there is no constitutional right to an investigation <u>per se</u>, public officials, including law enforcement, may not 'selectively deny ... protective services to certain disfavored minorities without violating the Equal Protection Clause.'" <u>Id.</u> (quoting <u>DeShaney v. Winnebago Cty. Dep't of Soc. Serv.</u>, 489 U.S. 189, 197 n.3 (1989)); <u>see also</u> <u>McGrath v. Dominican Coll. of Blauvelt, N.Y.</u>, 672 F. Supp. 2d 477, 490 (S.D.N.Y. 2009) (recognizing "a federal right to a non-discriminatory police investigation").

---

[4] The Court notes, however, that "a plaintiff who feels he has been wronged by conduct of the Hartford Police Department could evaluate whether he has a <u>Monell [v. Dep't of Soc. Servs. of New York</u>, 436 U.S. 658, 691 (1978)] claim, but the proper party would be the City of Hartford, not the Hartford Police Department." <u>Williams v. Hartford Police Dep't</u>, 15CV00933(AWT), slip. op. at 2 (D. Conn. Oct. 23, 2015).

First, the Court notes that the plaintiff makes no factual allegations whatsoever against defendant Cashman. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under §1983, a plaintiff must show, inter alia, the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013). Accordingly, the claims against defendant Cashman should be dismissed.

As to the remaining individual defendants, a plaintiff asserting a violation of his right to equal protection under the law must demonstrate that he was treated differently from others who were similarly situated to him, on an impermissible basis. See, e.g., LaTrieste Rest. & Cabaret v. Vill. of Port Chester, 40 F.3d 587, 590 (2d Cir. 1994) (Plaintiff making equal protection claim must show "(1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race[.]") (citation and quotation marks omitted).

Construing the complaint liberally, plaintiff alleges that the defendant officers deprived him of equal protection by failing to conduct an adequate investigation of his alleged assault and vehicle theft. Plaintiff alleges that the defendants' actions constitute "discrimination, racial profiling and harassment" in violation of his equal protection rights.

8

Compl. at 7. He has not alleged, however, that the individual defendants intentionally treated complaints from him differently than those of similarly situated complainants, nor that such differential treatment was based on an impermissible consideration such as his race. Accordingly, the complaint fails to state a claim on which relief may be granted, and should be dismissed.

Because the Court cannot "rule out any possibility" that an amendment of the complaint would be futile, the claims against the individual defendants are **DISMISSED, without prejudice.** Gomez, 171 F.3d at 796.

**IV.   Conclusion**

For the reasons set forth herein, plaintiff's Motion for Leave to Proceed in Forma Pauperis [**Doc. #2**] is **DENIED without prejudice** to refiling on or before **December 21, 2015.**

Defendant Hartford Police Department is **DISMISSED, with prejudice,** pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

The Complaint is **DISMISSED, without prejudice,** with respect to the claims against the individual defendants pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Plaintiff shall file an amended complaint on or before **December 30, 2015,** if he wishes to pursue this action against the individual defendants. Any amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure.

Plaintiff must also clearly identify each named defendant as a party and set forth the specific factual allegations against each defendant. The amended complaint must be captioned "Amended Complaint," and will completely supersede the current complaint.

This is a recommended ruling. **Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with this order**. See Fed. R. Civ. P. 72(b)(2). Failure to object with fourteen (14) days may preclude appellate review.  See 28 U.S.C. §636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; D. Conn. L. Civ. R. 72.2(a); Small v. Secretary of H.H.S., 892 F.2d 15, 16 (2d Cir. 1989)(per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED at New Haven this 30th day of November 2015.


_____
/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE