UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEAN K. CONQUISTADOR,<br>    Plaintiff,<br><br>v.<br><br>HARTFORD POLICE DEPARTMENT, et al.,<br>    Defendants. | No. 3:15-cv-1618 (MPS) |

### RULING ON MOTION TO DISMISS

**I.   Introduction**

Plaintiff Jean Conquistador has brought this lawsuit against the City of Hartford, Hartford Police Department, Deputy Chief Brian Foley, Hartford Police Officer John Doe 1, Hartford Police Officer John Doe 2, Hartford Police Officer John Doe 3, Hartford Police Officer Johnson, Hartford Police Officer Velazquez, Hartford Police Officer Cashman, Hartford Police Officer Suarez, and Hartford Police Officer Flores, alleging a violation of his constitutional rights under 42 U.S.C. § 1983.  Defendants have moved to dismiss the complaint because the plaintiff has failed to state a claim upon which relief can be granted.  For the reasons stated below, the Motion to Dismiss is GRANTED.

**II.   Background**

    **A.   Allegations**

The plaintiff alleges the following facts.  On October 10, 2015, the plaintiff was "assaulted and robbed for his 98 mustang, school book bag and other unspecified items." (Complaint, ECF No. 28 at ¶ 1.)  On his way to Hartford Hospital, Defendant Suarez "stopped and detained" him. (*Id.* at ¶ 2.)  Suarez "verbally assaulted" the plaintiff, but was transported to Hartford Hospital. (*Id.* at ¶ 3.)  On October 11, 2015, the plaintiff asked Defendant Flores to take him to recover his 98 Mustang and book bag, and Flores responded that he would take the

plaintiff to the scene to recover his book bag, but he would not held him recover his 98 Mustang because it was a "lost cause." (*Id.* at ¶ 4.)  Flores and Defendant John Doe 1 took the plaintiff to the scene and plaintiff knocked on the "building's main door" but no one answered and "nothing was recovered." (*Id.* at ¶ 5-6.)  The plaintiff was then transported back to Hartford Hospital. (*Id.* at ¶ 7.)

That same day, the plaintiff called the Hartford Police Department and "was instructed to appear with the previous owner of the plaintiff's vehicle." (*Id.* at ¶ 8.)  Plaintiff and Jamie Lockhart, the previous owner, appeared at the Hartford Police Department between 8:00pm and 10:00pm that evening, and "produced sufficient documentation to show that ownership of the vehicle was indeed signed over to the plaintiff." (*Id.* at ¶ 9.)  Plaintiff asked if there would be incident reports about the stolen vehicle, and Defendant Johnson said that there would not be and that he would not accept the reporting of the stolen vehicle and that Defendant Suarez was "on his way to make the report." (*Id.* at ¶ 11.)  Suarez and John Doe "questioned the plaintiff" and told him that "they, and the Hartford Police Department thought of the plaintiff's story of the incident as 'fishy.'" (*Id.* at ¶ 12.)

At later times, the plaintiff called the Hartford Police Department and spoke with Defendants Cashman, Defendant Velazquez, and Defendant Foley, who were "unwilling to help the plaintiff with seeking a solution." (*Id.* at ¶ 13-14.)  In his third motion to amend his complaint, plaintiff seeks to add Hartford Police Chief James Rovella. (ECF No. 73.)  Plaintiff alleges that he called Rovella's office multiple times and was never called back, and that Rovella did not direct his officers to investigate his claim or arrest the suspects. (*Id.*)

### B. Procedural History

Plaintiff filed this lawsuit on November 9, 2015, along with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.) On November 30, 2015, Magistrate Judge Sarah Merriam filed a Recommended Ruling, dismissing the complaint without prejudice and denying the motion to proceed *in forma pauperis*. (ECF No. 8.) On December 7, 2015, plaintiff filed an amended complaint. (ECF No. 12.) On July 28, 2015, District Judge Charles Haight approved Magistrate Judge Merriam's Recommended Ruling, but accepted the amended complaint and granted the plaintiff's refiled motion to proceed *in forma pauperis*. (ECF No. 20.) Plaintiff filed a motion to amend his complaint and add three defendants on May 25, 2016. (ECF No. 28.) The Defendants filed a Motion to Dismiss the First Amended Complaint on June 8, 2016. (ECF No. 29.) On August 22, 2016, the Court granted plaintiff's motion to amend his complaint and accepted the second amended complaint, denying the Defendants' Motion to Dismiss the First Amended Complaint. (ECF No. 56.) The Defendants filed a Motion to Dismiss the Second Amended Complaint on September 2, 2016. (ECF No. 60.) This case was transferred to this Court on October 5, 2016.

**III.    Standard**

Under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the Plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570. Under *Twombly*, the Court accepts as true all of the complaint's factual allegations when evaluating a motion to dismiss. *Id.* at 572. The Court must "draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). "When a complaint is based solely on wholly conclusory allegations and provides no factual support for such claims, it is appropriate to grant defendants['] motion to dismiss." *Scott v. Town of Monroe*, 306 F. Supp. 2d

191, 198 (D. Conn. 2004). For a complaint to survive a motion to dismiss, "[a]fter the court strips away conclusory allegations, there must remain sufficient well-pleaded factual allegations to nudge plaintiff's claims across the line from conceivable to plausible." *In re Fosamax Products Liab. Litig.*, 2010 WL 1654156, at *1 (S.D.N.Y. Apr. 9, 2010). In other words "a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Vega v. Hempstead Union Free Sch. Dist.,* 801 F.3d 72, 86 (2d Cir. 2015) (internal quotation marks and citation omitted).

### IV. Discussion

The plaintiff invokes 42 U.S.C. § 1983, alleging violations of his First, Fourth, and Fourteenth Amendment rights. To state a claim under Section 1983, the plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983.

### A. Defendant Hartford Police Department

The plaintiff names the Hartford Police Department as a defendant but does not otherwise allege facts to support a claim against the department. The claim against the Hartford Police Department is dismissed because a municipal police department is not a "person" subject to suit within the meaning of 42 U.S.C. § 1983. *Petaway v. City of New Haven Police Department*, 541 F. Supp. 2d 504, 510 (D. Conn. 2008); s*ee also Rose v. City of Waterbury*, No. 3:12cv291, 2013 WL 1187049, at *9 (D. Conn. 2013) (dismissing the Waterbury Police Department as a defendant in a Section 1983 suit because the "Connecticut General Statutes contain no provision establishing municipal departments, including police departments, as legal entities separate and apart from the municipality they serve, or providing that they have the capacity to sue or be sued.").

### B. City of Hartford

"A municipality may be liable under Section 1983 for any 'policy or custom' that causes a 'deprivation of rights protected by the Constitution.'" *Canzoneri v. Inc. Village of Rockville Centre*, 986 F. Supp. 2d 194, 204 (E.D.N.Y. 2013) (quoting *Monell v. Dep't of Soc. Servs. of New York*, 439 U.S. 658, 690 (1978)).  To state such a claim, the plaintiff must allege that "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quotations and citations omitted). "The failure to train or supervise city employees may constitute an official policy or custom if the failure amounts to 'deliberate indifference' to the rights of those with whom the city employees interact." *Id.* at 195 (quotations and citations omitted).

Plaintiff has failed to allege any official policy or custom, or any claim that the City of Hartford failed to train or supervise its employees.  Furthermore, plaintiff has not alleged an underlying constitutional violation.

### C. Claims Against the Defendant Officers

#### 1. Fourteenth Amendment:  Failure to Investigate

Construing the complaint liberally, the plaintiff asserts a due process claim under the Fourteenth Amendment for the defendants' "negligence in honest and honorable police duty," which the Court construes as a claim for failure to investigate.  Plaintiff alleges that the officers failed to recover his stolen car and bookbag and thought his story was "fishy."  "[A] 'failure to investigate' is not independently cognizable as a stand-alone claim," *McCaffrey v. City of N.Y.*, 2013 WL 494025, at *5 (S.D.N.Y. Feb. 7, 2013), and "there is no federal right to have criminal wrongdoers prosecuted." *Marsh v. Kirschner,* 31 F.Supp.2d 79, 81 (D.Conn.1998) (citations omitted); *see also Grega v. Pettengill*, 123 F. Supp. 3d 517, 536–37 (D. Vt. 2015) ("[D]istrict

courts in this circuit have consistently declined to recognize a claim of 'failure to investigate' as a violation of due process giving rise to a damages action.") (collecting cases).  This is because "the duty to investigate criminal acts (or possible criminal acts) almost always involves a significant level of law enforcement discretion." *Harrington v. Cty. of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010).  "That discretion precludes any legitimate claim of entitlement to a police investigation." *Id.*  (internal quotation marks omitted).  Thus, plaintiff's Fourteenth Amendment claim for a failure to investigate against the officers is DISMISSED.

### 2. Fourteenth Amendment:  Equal Protection

Plaintiff claims that the defendants' "deliberate indifference and unequal protection" violated his rights under the Constitution.  Construing the complaint liberally, the Court interprets this as a claim a violation of his equal protection rights under the Fourteenth Amendment.  "While the Constitution provides individuals with no affirmative right to an investigation of their claims by the government, it does prohibit the government from treating individuals unequally when determining which claims to investigate." *Troy v. City of N.Y.,* 2014 WL 4804479, at *10 (S.D.N.Y. Sept. 25, 2014), *aff'd*, 614 F. App'x 32 (2d Cir. 2015) (*citing Myers v. Cnty. of Orange,* 157 F.3d 66 (2d Cir.1998)).  To plead an equal protection violation, a plaintiff must allege that

> (1) the person, compared with others similarly situated, was selectively treated; and (2) ... such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.

*Crowley v. Courville*, 76 F.3d 47, 52–53 (2d Cir. 1996).  "Without an allegation that other persons similarly situated were treated differently, the 'equal' portion of the Equal Protection Clause becomes meaningless." *Presnick v. Town of Orange*, 152 F. Supp. 2d 215, 225 (D. Conn. 2001) (*quoting Economic Opportunity Commission of Nassau Cty. v. County of Nassau,* 106

F.Supp.2d 433, 440 (E.D.N.Y.2000)). Plaintiff's complaint does not allege any facts suggesting that he was treated differently than anyone who was similarly situated. Nor does it allege any facts suggesting that the officers' refusal to investigate the theft of his Mustang was based on impermissible considerations. Thus, the claim is dismissed.

### 3. First Amendment

While the plaintiff has not expressly alleged a violation of his First Amendment rights in the complaint, the defendants have also moved to dismiss the complaint because it does not state a claim for a violation of his First Amendment rights. To the extent the complaint, construed liberally, alleges a First Amendment violation, that claim is dismissed. Plaintiff alleges that he tried to file a criminal complaint with the Police Department about his stolen vehicle, but that the Defendants would not accept his report or investigate it. "The rights to complain to public officials and to seek administrative and judicial relief are protected by the First Amendment." *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994). Furthermore, "it is axiomatic that filing a criminal complaint with law enforcement officials constitutes an exercise of the First Amendment right to petition government for the redress of grievances." *Estate of Morris ex rel. Morris v. Dapolito*, 297 F. Supp. 2d 680, 692 (S.D.N.Y. 2004) (internal quotation marks and citations omitted). Plaintiff does not allege that he was denied an opportunity to file a criminal complaint, however. In fact, he alleges that was told to come to the police station to provide more information about report, and it was then that the officers found his report "fishy." As discussed above, there is no constitutional right to an investigation once the plaintiff was permitted to petition the police to investigate.

To the extent that the plaintiff is alleging that his interactions with Suarez and Flores, when Suarez "verbally assaulted" him and Flores told him that finding the car was a "lost cause,"

violated his First Amendment rights because it chilled the exercise of his First Amendment rights, his claim is dismissed. "Mere rudeness or inconvenience, however unpleasant, does not rise to the level of a cognizable 'chill' on the exercise of First Amendment rights." *Batista v. Rodriguez*, 702 F.2d 393, 398 (2d Cir. 1983).

### 4. Fourth Amendment

While the plaintiff does not explicitly state a claim under the Fourth Amendment, he does allege that he was "stopped and detained" and "verbally assaulted" by defendant Suarez. (ECF No. 28 at ¶ 2.) The plaintiff does not give any additional information to allow the Court to determine if he has stated a Fourth Amendment claim. Nonetheless, because there is a possibility that the *pro se* plaintiff could amend his complaint to state a claim upon which relief could be granted under the Fourth Amendment, the Court will dismiss the claim without prejudice. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

## V. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 60) is GRANTED. The claims against the Hartford Police Department are DISMISSED with prejudice. The claims against the City of Hartford and the defendant Officers are DISMISSED without prejudice. In light of the plaintiff's pro se status, the Court will give the plaintiff one more chance to amend his complaint to properly state a claim in accordance with the Court's ruling. Should plaintiff wish to do so, he may file an amended complaint that set forth the basis for the Court's jurisdiction and sufficient facts, accepted as true, that state a claim for relief by April 13, 2017.

Plaintiff's Motion to Compel Discovery (ECF No. 48), Motion for Settlement Conference (ECF No. 51), Motion to Compel (ECF No. 62), Motion to Compel (ECF No. 64), Motion to

Appoint Counsel (ECF No. 65), Motion to Compel (ECF No. 70), Motion to Compel (ECF No. 78), and Motion for Default Judgment (ECF No. 80) are DENIED as moot.  The plaintiff has filed a motion to amend his complaint for a third time (ECF No. 73), in which he seeks to add Hartford Police Chief James Rovella as a defendant.  The defendants object to the motion to amend the complaint.  The proposed amended complaint does not address any of the defects in the Defendants' motion to dismiss, and does not plead cognizable claims.  Thus the Motion to Amend (ECF No. 73) is DENIED as moot.

      The Clerk is directed to close the case.

                              IT IS SO ORDERED.

                          /s/
                        Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
                March 13, 2017