| | |
|---|---|
| JEAN K. CONQUISTADOR,<br>    Plaintiff,<br><br>    v.<br><br>CITY OF HARTFORD, et al.,<br>    Defendants. | No. 3:15-cv-1618 (MPS) |

<u>**RULING ON MOTION TO DISMISS**</u>

**I.     Introduction**

Plaintiff Jean Conquistador has brought this lawsuit against the City of Hartford, Police Chief Rovella, Deputy Chief Foley, Hartford Police Officer John Doe 1, Hartford Police Officer Velazquez, Hartford Police Officer Cashman, Hartford Police Officer Suarez, and Hartford Police Officer Flores, alleging a violation of his constitutional rights under 42 U.S.C. § 1983. Defendants move to dismiss the plaintiff's third amended complaint (ECF No. 86), filed in response to my order (ECF No. 84) dismissing the second amended complaint. Because the plaintiff's new complaint similarly fails to state a claim upon which relief can be granted, for the reasons stated below, the Motion to Dismiss is GRANTED.

**II.    Background**

**A.  Procedural History**

Plaintiff filed this lawsuit on November 9, 2015, along with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.) On November 30, 2015, Magistrate Judge Sarah Merriam filed a Recommended Ruling, dismissing the complaint without prejudice and denying the motion to proceed *in forma pauperis*. (ECF No. 8.) On December 7, 2015, plaintiff filed an amended complaint. (ECF No. 12.) On July 28, 2015, District Judge Charles Haight approved Magistrate Judge Merriam's Recommended Ruling, but he accepted the amended complaint and granted the

plaintiff's refiled motion to proceed *in forma pauperis*. (ECF No. 20.) Plaintiff filed a motion to amend his complaint and add three defendants on May 25, 2016. (ECF No. 28.) The Defendants filed a Motion to Dismiss the First Amended Complaint on June 8, 2016. (ECF No. 29.) On August 22, 2016, the Court granted plaintiff's motion to amend his complaint and accepted the second amended complaint, denying the defendants' Motion to Dismiss the First Amended Complaint. (ECF No. 56.) The defendants filed a Motion to Dismiss the Second Amended Complaint on September 2, 2016. (ECF No. 60.) This case was transferred to this Court on October 5, 2016. I granted the defendants' motion to dismiss the second amended complaint on March 13, 2017. I allowed the plaintiff leave to amend his complaint with regard to the First, Fourth, and Fourteenth Amendment claims against the City of Hartford and the defendant officers. On March 20, 2017, the plaintiff filed his third amended complaint. (ECF No. 86.) On March 31, 2017, the defendants renewed their motion to dismiss as to the plaintiff's newly amended complaint. (ECF No. 87.)

### B. Allegations

The plaintiff alleges the following facts. On October 10, 2015, the plaintiff was "assaulted and robbed for his 98 mustang, school book bag and other unspecified items." (Third Amended Complaint, ECF No. 86 at ¶ 12.) On his way to Hartford Hospital, Defendant Suarez stopped and detained him. (*Id.* at ¶ 13.) Suarez "harassed" the plaintiff, but he then was transported to Hartford Hospital. (*Id.* at ¶¶ 13–14.) On October 10, 2015, the plaintiff asked Defendant Flores to take him to recover his 98 Mustang and book bag, and Flores responded that he would take the plaintiff to the scene, but he would not help him recover his 98 Mustang because it was a "lost cause." (*Id.* at ¶ 17.) Flores took the plaintiff to the scene. Defendant John Doe 1 accompanied Flores, while the plaintiff walked to the back of the residence at which he had been assaulted and robbed. (*Id.* at ¶ 18.) The plaintiff "knocked on the doors to the building but did not get a response." (*Id.*) The

plaintiff alleges that "[d]efendant Flores saw the plaintiff's 98 Ford Mustang parked in the back of the residence where the plaintiff was assaulted and robbed", but the "vehicle was not recovered." (ECF No. 86 at ¶¶ 19–20.) The plaintiff was then transported back to Hartford Hospital. (*Id.* at ¶ 21.)

The next day, the plaintiff called the Hartford Police Department and "was instructed to appear . . . with the previous owner of the plaintiff's 98 Ford Mustang." (ECF No. 86 at ¶ 22.) Plaintiff and Jamie Lockhart, the previous owner, appeared at the Hartford Police Department between 8:00 p.m. and 10:00 p.m. that evening and "provided sufficient documentation showing that that ownership of the 98 Ford Mustang was passed over to the plaintiff." (*Id.* at ¶¶ 23–24.) The plaintiff asked defendant Johnson to make a photocopy of the bill of sale, but Johnson refused. (*Id.* at ¶¶ 25–26.) The plaintiff asked if there would be incident reports about the stolen vehicle, and Defendant Johnson and others said that there would not be: Johnson said that he would not accept the reporting of the stolen vehicle and that Defendant Suarez was "on his way" to make the report. (*Id.* at ¶ 28.) Suarez and John Doe "questioned the plaintiff" and told him that "they, and the [Hartford Police Department,] thought the plaintiff's story of the incident was 'fishy.'" (*Id.* at ¶ 29.)

At later times, the plaintiff called the Hartford Police Department and spoke with Defendants Velazquez and Defendant Foley, who "did not help the plaintiff find a solution." (ECF No. 86 at ¶¶ 30–32.) Plaintiff alleges that he called defendant Rovella's office multiple times and was never called back and that Rovella did not direct his officers to investigate his claim or arrest the suspects. (*Id.* at ¶ 33.)

The plaintiff's third amended complaint adds two additional facts, compared with what he alleged in the second amended complaint: (1) that defendant Flores "saw the plaintiff's 98 Ford

Mustang parked in the back of the residence where the plaintiff was assaulted and robbed" (*Id.* at ¶ 19); and (2) that the plaintiff asked defendant Johnson (previously terminated from the case on December 7, 2015) to make a photocopy of the bill of sale for the car and that Johnson refused to photocopy it. (*Id.* at ¶¶ 25–26.) All other factual allegations stated in the third amended complaint were previously considered when I ruled on the motion to dismiss the second amended complaint.[1]

## III.    Standard

Under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the Plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under *Twombly*, the Court accepts as true all of the complaint's factual allegations when evaluating a motion to dismiss. *Twombly*, 550 U.S. at 572. The Court must "draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). "When a complaint is based solely on wholly conclusory allegations and provides no factual support for such claims, it is appropriate to grant defendants['] motion to dismiss." *Scott v. Town of Monroe*, 306 F. Supp. 2d 191, 198 (D. Conn. 2004). For a complaint to survive a motion to dismiss, "[a]fter the court strips away conclusory allegations, there must remain sufficient well-pleaded factual allegations to nudge plaintiff's claims across the line from conceivable to plausible." *In re Fosamax Products Liab. Litig.*, 2010 WL 1654156, at *1 (S.D.N.Y. Apr. 9, 2010).  In other words "a plaintiff must plead factual content that allows the court to draw the reasonable inference that

---

[1] Although a few of the ways in which plaintiff describes certain allegations are altered and the date on which he alleges that he contacted the Hartford Police Department is changed from October 11 to October 10, 2015, I have evaluated the substance of these allegations and found them to be otherwise identical (and the differences legally irrelevant), aside from the changes in word choice.

the defendant is liable for the misconduct alleged." *Vega v. Hempstead Union Free Sch. Dist.,* 801 F.3d 72, 86 (2d Cir. 2015) (internal quotation marks and citation omitted).

"[P]leadings of a *pro se* plaintiff must be read liberally and should be interpreted to 'raise the strongest arguments that they suggest.'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## IV.    Discussion

The plaintiff invokes 42 U.S.C. Section 1983, alleging violations of his First and Fourteenth Amendment rights. To state a claim under Section 1983, the plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983.

### A.  City of Hartford

"A municipality may be liable under Section 1983 for any 'policy or custom' that causes a 'deprivation of rights protected by the Constitution.'" *Canzoneri v. Inc. Village of Rockville Centre*, 986 F. Supp. 2d 194, 204 (E.D.N.Y. 2013) (quoting *Monell v. Dep't of Soc. Servs. of New York*, 439 U.S. 658, 690 (1978)). To state such a claim, the plaintiff must allege that "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quotations and citations omitted). "The failure to train or supervise city employees may constitute an official policy or custom if the failure amounts to 'deliberate indifference' to the rights of those with whom the city employees interact." *Id.* at 195 (quotations and citations omitted).

The plaintiff's third amended complaint still has failed to allege any official policy or custom or any claim that the City of Hartford failed to train or supervise its employees. Furthermore, plaintiff has not alleged an underlying constitutional violation. The facts that the

plaintiff added to this complaint do not address these deficiencies, which existed in the prior complaint as well. Therefore, the plaintiff's claims against the City of Hartford are DISMISSED.

## B. Claims Against the Defendant Officers

### 1. Fourteenth Amendment: Failure to Investigate

The plaintiff asserts a due process claim under the Fourteenth Amendment for the defendants' "negligence[] and deprivation of the plaintiff's due process rights," which the Court construes as a claim for failure to investigate. The plaintiff alleges that the officers failed to recover his stolen car and bookbag and thought his story was "fishy." The plaintiff now also alleges that defendant Flores "saw the plaintiff's 98 Ford Mustang parked in the back of the residence" that they visited together. (ECF No. 86 at ¶ 19.) "[A] 'failure to investigate' is not independently cognizable as a stand-alone claim," *McCaffrey v. City of N.Y.,* 2013 WL 494025, at *5 (S.D.N.Y. Feb. 7, 2013), and "there is no federal right to have criminal wrongdoers prosecuted." *Marsh v. Kirschner,* 31 F.Supp.2d 79, 81 (D. Conn. 1998) (citations omitted); *see also Grega v. Pettengill*, 123 F. Supp. 3d 517, 536–37 (D. Vt. 2015) ("[D]istrict courts in this circuit have consistently declined to recognize a claim of 'failure to investigate' as a violation of due process giving rise to a damages action.") (collecting cases). This is because "the duty to investigate criminal acts (or possible criminal acts) almost always involves a significant level of law enforcement discretion." *Harrington v. Cty. of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010). "That discretion precludes any legitimate claim of entitlement to a police investigation." *Id.* (internal quotation marks omitted). Whether or not Flores observed the plaintiff's car after it had allegedly been stolen, the plaintiff's claim remains that the defendant failed to investigate his claim—which is not a federal right that he can enforce. Thus, plaintiff's Fourteenth Amendment claim for a failure to investigate against the officers is DISMISSED.

## 2. Fourteenth Amendment: Equal Protection

Plaintiff claims that the defendants' "deliberate indifference [and] discrimination" violated his equal protection rights under the Fourteenth Amendment. "While the Constitution provides individuals with no affirmative right to an investigation of their claims by the government, it does prohibit the government from treating individuals unequally when determining which claims to investigate." *Troy v. City of N.Y.,* No. 13-cv-5082, 2014 WL 4804479, at *10 (S.D.N.Y. Sept. 25, 2014), *aff'd*, 614 F. App'x 32 (2d Cir. 2015) (citing *Myers v. Cnty. of Orange,* 157 F.3d 66 (2d Cir.1998)). To plead an equal protection violation, a plaintiff must allege that

> (1) the person, compared with others similarly situated, was selectively treated; and (2) ... such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.

*Crowley v. Courville*, 76 F.3d 47, 52–53 (2d Cir. 1996). "Without an allegation that other persons similarly situated were treated differently, the 'equal' portion of the Equal Protection Clause becomes meaningless." *Presnick v. Town of Orange*, 152 F. Supp. 2d 215, 225 (D. Conn. 2001) (quoting *Economic Opportunity Commission of Nassau Cty. v. County of Nassau,* 106 F. Supp.2d 433, 440 (E.D.N.Y.2000)). Plaintiff's complaint does not allege any facts suggesting that he was treated differently than anyone who was similarly situated. Nor does it allege any facts suggesting that the officers' refusal to investigate the theft of his Mustang was based on impermissible considerations. Thus, the claim is DISMISSED.

## 3. First Amendment

The plaintiff also alleges violation of the First Amendment. To the extent the complaint, construed liberally, alleges a First Amendment violation, that claim is dismissed. Plaintiff alleges that he tried to file a criminal complaint with the Police Department about his stolen vehicle, but that the Defendants would not accept his report or investigate it. He also alleges that defendant

Johnson did not make a photocopy of the bill of sale for the plaintiff's car. "The rights to complain to public officials and to seek administrative and judicial relief are protected by the First Amendment." *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994). Furthermore, "it is axiomatic that filing a criminal complaint with law enforcement officials constitutes an exercise of the First Amendment right to petition government for the redress of grievances." *Estate of Morris ex rel. Morris v. Dapolito*, 297 F. Supp. 2d 680, 692 (S.D.N.Y. 2004) (internal quotation marks and citations omitted). Plaintiff does not allege that he was denied an opportunity to file a criminal complaint, however. In fact, he alleges that was told to come to the police station to provide more information about report, and it was then that the officers found his report "fishy." As discussed above, there is no constitutional right to an investigation once the plaintiff was permitted to petition the police to investigate.

To the extent that the plaintiff is alleging that his interactions with Suarez and Flores, when Suarez "harassed" him and Flores told him that finding the car was a "lost cause," violated his First Amendment rights because it chilled the exercise of his First Amendment rights, his claim is dismissed. "Mere rudeness or inconvenience, however unpleasant, does not rise to the level of a cognizable 'chill' on the exercise of First Amendment rights." *Batista v. Rodriguez*, 702 F.2d 393, 398 (2d Cir. 1983).

## V.     Conclusion

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 60) is GRANTED. The claims in the third amended complaint (ECF No. 86) are DISMISSED with prejudice. The case will remain closed.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
          November 8, 2017